LOUIS L. RICHMAN, Appellant, *v.* JULIAN ROBINSON, Respondent.

Second Department, January 12, 1912.

Landlord and tenant — contract — receipt for rent of premises to be leased does not constitute lease — evidence — introduction of document without limitation as to purpose.

An instrument acknowledging the receipt of money as a deposit on certain premises to become vacant at a future date and stating that the lease of the premises for use as a drug store was to be signed at a future date, is not itself a lease, but merely acknowledges a deposit upon a contract for a lease to be entered into at a subsequent date. Hence, the owner of the premises not having tendered a lease on the day set, is not entitled to recover rent.

Where the plaintiff in such action introduces a letter of the defendant without limiting its purpose, the court may consider it in determining the issues, and the plaintiff cannot contend that having been written subsequent to the receipt aforesaid it should be considered only on the question of the defendant's credibility.

APPEAL by the plaintiff, Louis L. Richman, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, rendered on the 8th day of July, 1911, in favor of the defendant, dismissing the complaint, with costs, after a trial before the court without a jury.

*A. Sidney Galitzka,* for the appellant.

*Hyman Pouker,* for the respondent.

WOODWARD, J.:

On the 14th day of December, 1910, the following paper was executed and delivered:

"CONEY ISLAND, *December* 14, 1910.

"Received of J. Robinson C. I — Twenty-five dollar as a Deposit on store 469 — Neptune Ave & cor of Richard St Coney Island for the term of Two-years from the time the said store will become vacant on or before April 1st — 1911 — at the

yearly rental of (500) five hundred doll — per year payable in monthly rates in advance. the lease is to be signed at 303 Neptune Ave. on Tuesday Dec 20-1910 also with privilege of renewal of the same lease for another period of 3 years additional to same at the Rate of (600) six hundred doll per year to be occupied and used only as a Drug Store.

　　　　　　　　　　"(Signed)　　　L. L. RICHMAN

　　　　　　　　　　　　　　　"J. ROBINSON."

The plaintiff claims this constituted a lease, and he brings this action to recover rent for the months of February, March, April and May, 1911, during which time the defendant has not occupied the premises. It is the contention of the defendant that this did not constitute a lease; that it was merely a receipt for deposit money upon a contract for a lease to be subsequently entered into, and that, the contract never having been performed by the making and delivering of a lease of the premises, he is not liable in this action, and the court below has so held. This view of the matter is sustained by a letter introduced in evidence by the plaintiff, but the latter now urges that this letter was written subsequent to the execution and delivery of the above receipt, and cannot be permitted to have any bearing upon the question; that the object of introducing the letter was to show that the defendant was untruthful. The difficulty with this is that the plaintiff introduced the evidence without any suggestion that it was for a limited purpose, and it being in evidence the court is bound to give it its proper construction in determining the issues in the case. The effect of this letter is to show that the defendant did not at that time consider the instrument a lease; that he had merely made a deposit upon a contract for a lease to be entered into at a subsequent date, and we are of the opinion that the learned court below has properly decided that the plaintiff is not entitled to recover. If the plaintiff had tendered a lease of the premises on the day specified for delivering the lease, and the defendant had refused to accept such lease, there would have been a cause of action perhaps for damages sustained by reason of the refusal to fulfill the contract, but no such condition exists, and the intention of the

parties being clear, it follows that the judgment appealed from should not be disturbed.

The judgment of the Municipal Court should be affirmed, with costs.

JENKS, P. J., HIRSCHBERG, CARR and RICH, JJ., concurred.

Judgment of the Municipal Court affirmed, with costs.